[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is a case alleging medical malpractice and unfair trade practices brought by the parents of Alexander Ahern. The complaint alleges that Alexander suffered cerebral palsy and related injuries as a result of the negligent conduct of the defendants at the time of his birth on August 30, 1988. The complaint further alleges that after Alexander's birth: (1) the plaintiffs were informed by James S. Marsh, M.D. that the birth records disclosed no evidence to suggest a cause for Alexander's condition, (2) the plaintiffs were informed by Alan DeCherney, M.D. that no injury to Alexander occurred during his labor and delivery. In addition, the plaintiffs' claim in their complaint that records relating to the plaintiffs' labor and delivery were negligently and/or intentionally destroyed, modified, or fabricated by the defendant hospital in violation of § 42-110 et seq, the Connecticut Unfair Trade Practices Act ("CUTPA"). On November 18, 1993, the plaintiffs petitioned the court for a ninety day extension of the statute of limitations pursuant to § 52-190a(b) of the General Statutes. Thereafter, on February 14, 1994, the plaintiff commenced this action by serving the complaint upon the defendants.
The defendants have moved for summary judgment asserting that the lawsuit was brought beyond applicable statute of limitations and, accordingly, they are entitled to judgment as a matter of law. The defendants' argument is straightforward: § 52-584 of the General Statutes requires that malpractice actions be brought within two years from the date when the injury was first sustained or discovered and, in any event, within three years of the act or omission complained of. Since the "act or omission complained of" occurred at the time of Alexander's birth in August 1988, the defendants claim that the malpractice counts contained in the suit brought in February 1994 are outside the time limits proscribed by § 52-584. With respect to the CUTPA count against the defendant Yale New Haven Hospital ("YNHH"), the defendant's claim is twofold. First, YNHH asserts that the CT Page 3332 CUTPA count is beyond the three years statute of limitations contained in § 42-110g(f). Second, that the allegations regarding record destruction do not provide a remedy based in CUTPA but rather malpractice and, as a matter of law, are outside the scope of the CUTPA statute. See Haynes v. Yale New HavenHospital, 243 Conn. 17, 38 (1997) (medical malpractice claims recast as CUTPA claims cannot form the basis of CUTPA violation).
The plaintiffs' position is that the statute of limitations was tolled due to the continuing course of treatment and continuing course of conduct of the defendants. See Blanchette v.Barrett, 229 Conn. 256 (1994). Specifically, the plaintiffs claim that a physician-patient relationship with Doctors Marsh and DeCherney existed beyond the date of Alexander's birth so as to bring the suit within the three year statute based on the continuous course of treatment exception. In addition, the plaintiffs' claim that a "special relationship" existed between the plaintiffs and defendants that gave rise to a duty that was reached when Alexander's parents were assured that nothing wrong happened during his birth. The plaintiffs assert that this breach of duty also tolled the statute of limitations based on the continuous course of conduct doctrine. As to the CUTPA count, the plaintiffs claim that the same exceptions operate to toll the three year statute of limitations and that the Haynes rule is inapplicable because the records destruction/fabrication claim is within the business and or entrepreneurial aspect of the hospital's business.
Practice Book Section 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751 (1995). "The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Id. at 752. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
"The movant must show that it is quite clear what the truth CT Page 3333 is, and that excludes any real doubt as to the existence of an genuine issue of material fact[.]" (Internal quotation marks omitted.) Miller v. United Technologies Corp., supra,233 Conn. 751-52. "A genuine issue has been variously described as a triable, substantial or real issue of fact and has been defined as one which can be maintained by substantial evidence. (Internal quotation marks omitted.) United Oil Co. v. Urban DevelopmentCommission, 158 Conn. 364, 378 (1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id. at 379. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500 (1988).
Applying the above standards to the pleadings and affidavits in this case, an issue exists as to the application of the continuous course of treatment and continuous course of conduct doctrines. Whether one or both of those doctrines apply will determine whether the lawsuit is timely. As our Supreme Court has stated, "In application, both doctrines are conspicuously fact-bound." Blanchette v. Barrett, supra, 229 Conn. 276. Such fact-bound determinations are for the jury to make. Id. 278. As such, they are inappropriate for resolution on a motion for summary judgment.
With respect to the CUTPA count, the issue as to the tolling of the three year statute of limitations requires the same fact-bound inquiry as to the application of the continuing course of conduct doctrine as is required for the malpractice counts. As to the claim by the defendant that the CUTPA allegation is, in reality, a recast malpractice claim, the assertion by the plaintiffs that records were altered to show the administration of oxygen to the mother at a crucial point during the delivery of Alexander when, in fact, oxygen was never given to her raises a claim of unfair or deceptive practice as opposed to professional negligence. Whether this claim can be proven is another question. On the present record, however, there exists an issue of fact regarding the records such that summary judgment is inappropriate.
For the reasons set forth above, the defendants' motion for summary judgment is denied.
So Ordered at New Haven, Connecticut this 15th day of March, CT Page 3334 1999.
Devlin, J.
CT Page 3334